# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INMATE # CDC BJ9633 | CASE NUMBER |
|---|---|
| Raymond Chatman | ED CV 22-595 GW (MRW) |
| PLAINTIFF(S) | |
| v. | ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |
| Neil McDowell, et al., | |
| DEFENDANT(S) | |

IT IS ORDERED that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

IT IS FURTHER ORDERED that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____        _____
Date                                                            United States Magistrate Judge

---

IT IS RECOMMENDED that the Request to Proceed Without Prepayment of Filing Fees be DENIED for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☐ Other _____

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☒ Seeks monetary relief from a defendant immune from such relief.
- ☒ Leave to amend would be futile.
- ☒ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

April 29, 2022                                              /s/ Michael R. Wilner
Date                                                            United States Magistrate Judge

---

IT IS ORDERED that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED, and this case is hereby DISMISSED immediately.**
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

May 2, 2022                                              /s/ George H. Wu
Date                                                            United States District Judge

CV-73P (08/16)                    ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

Plaintiff Chatman filed a response to the Court's screening order under 28 U.S.C. § 1915(e) and 1915A.  (Docket # 9.)

The response consists of a rambling, multi-page statement that appears to focus on Plaintiff's claims of innocence regarding his underlying criminal conviction.  Plaintiff did <u>not</u> attempt to re-plead any of his civil claims.  He also did not address any of the obvious defects (naming parties in official capacity, <u>Heck</u> bar, immunity, and state actor issues) that the Court identified in the original screening order.

The Court previously gave this self-represented litigant an opportunity to amend his complaint and re-submit a legitimate pleading.  Based on the virtually unintelligible submission, it is clear that Plaintiff cannot or will not overcome the deficiencies previously identified.  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000).  Therefore, it is recommended that that the IFP application be denied and the action dismissed <u>without</u> leave to amend.

**Note:**  Plaintiff's separate habeas corpus action (also challenging his criminal conviction) remains pending in this Court.  <u>Chatman v. McDowell</u>, ED CV 22-559 GW (MRW) (C.D. Cal.))  Magistrate Judge Wilner recently issued an order in that action regarding Plaintiff's response to the Attorney General's dismissal motion.